UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR52 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MOHAMMAD H. MOHAMMAD, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Even though Defendant Mohammad Mohammad knows when he began serving his Sentence, he does not know how much time he has left to serve. He therefore asks the Court to order the Bureau of Prisons to calculate his remaining time. (Doc. 157). He also asks the Court to release him to home confinement to serve the remainder of his sentence. (Doc. 158). Finally, Defendant asks for a telephone conference to discuss each of these requests. (Doc. 160). For the following reasons, the Court **DENIES** each of Defendant's Motions.

**I. BACKGROUND**

On February 10, 2016, a Grand Jury indicted Defendant on one count of Conspiracy to Commit Food Stamp Fraud under 18 U.S.C. § 371; one count of Food Stamp Fraud under 7 U.S.C. § 2024(b) and 18 U.S.C. § 2; one count of Unlawful Food Stamp Redemptions under 7 U.S.C. § 2024(b) and 18 U.S.C. § 2; and three counts of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity under 18 U.S.C. §§ 1957 and 2. The Government also sought Forfeiture against Defendant (the "Food Stamp Matter").

On October 25, 2016, Defendant pleaded guilty to all counts. On November 20, 2018, the Court sentenced Defendant to 18 months imprisonment and 3 years supervised release. Defendant filed various motions to stay his Sentence, all of which the Court denied.

On December 12, 2018, a Grand Jury indicted Defendant on four counts of Filing False Tax Returns under 26 U.S.C. § 7206(1). The case was assigned to Judge Adams with a case number of 1:18CR735 (the "Tax Matter"). Initially, Judge Adams delayed Defendant's report date of December 27, 2018 in the Food Stamp Matter to allow Defendant to appear for his initial appearance in the Tax Matter. On January 17, 2019, Judge Adams determined that further delay no longer made sense and ordered the Marshal Service to place Defendant in the custody of the Bureau of Prisons. (Tax Matter, Non-Doc. Entry, 1/17/2019). Thus, Defendant believes he began serving his Sentence for the Food Stamp Matter on January 17, 2019. (*See* Doc. 157, PageID: 1672-73). Defendant is currently incarcerated at Northeast Ohio Correctional Center.

Despite his belief, Defendant asked the Court to direct the Bureau of Prisons to calculate Defendant's release date. (Doc. 157).[1] Defendant then requested the Court release him to home confinement to serve the remainder of his Sentence due to concerns about the COVID-19 pandemic. (Doc. 158). The Government opposed Defendant's request. (Doc. 159). On April 22, 2020, Defendant requested the Court hold a Telephone Conference to discuss his outstanding Motions. (Doc. 160).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before

---

[1] Defendant filed a similar Motion in the Tax Matter, which Judge Adamas denied on April 1, 2020. (*See* Tax Matter, Docs. 61 & 62).

doing so however, one of two things must occur: either defendant has exhausted all administrative rights to appeal the Bureau of Prison's failure to bring a motion on his behalf or defendant has waited thirty days since he asked the warden of the facility to file a request on his behalf. *Id.*

In other words, prisoners must first exhaust their administrative remedies before seeking a district court's involvement. *See United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Ciccone*, 2020 WL 1861653 (N.D. Ohio Apr. 14, 2020) (Polster, J.) (the amended § 3582(c)(1)(A) did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief) (citations omitted). Moreover, courts cannot create exceptions to the mandatory exhaustion requirement. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account"); *United States v. Alam*, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (collecting cases holding district courts cannot craft exceptions to exhaustion requirements in light of the COVID-19 pandemic).

Here, Defendant has not exhausted his administrative remedies before seeking the Court's involvement. Defendant claims the Bureau of Prison's website does not consider Defendant to be in its custody. According to Defendant then, he "does not know who to make a plea to for compassionate release." (Doc. 158, PageID: 1681). But Defendant has not even attempted to make a plea to the Bureau of Prisons. He claims he asked the U.S. Marshal for assistance in calculating "his out date," but acknowledges this information is not mandatory. (Doc. 157, PageID: 1673). Thus, there is no allegation that Defendant asked any Bureau of Prison official (or U.S. Marshal official) for compassionate release as required.

Defendant asks the Court to waive the exhaustion requirement, again because he "does not know who to make a plea to." Defendant relies on *United States v. Perez*, --- F. Supp. 3d ---, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020) to support his waiver argument. According to Defendant, the Court may waive the exhaustion requirement in certain circumstances. Defendant then cites three circumstances where failure to exhaust may be excused. But Defendant's reliance on *Perez* is mistaken.

The district court in *Perez* relied heavily on *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). *Washington* dealt with a Federal statute that did not "expressly mandate the exhaustion of administrative remedies." *Washington*, 925 F.3d at 115. The same is not true here. Section 3582(c)(1)(A) *expressly requires* a defendant to "exhaust[] all administrative rights." 18 U.S.C. 3582(c)(1)(A); *Raia*, 954 F.3d 594. As *Washington* itself makes clear: "[w]here Congress specifically mandates [it], exhaustion is required." *Washington*, 925 F.3d at 116 (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).

Congress 'clearly mandated' exhaustion in § 3582(c)(1)(A). And despite district courts like *Perez* holding otherwise due to COVID-19, this Court will not "engraft an unwritten 'special circumstances' exception onto" § 3582(c)(1)(A)'s exhaustion requirement. *Ross*, 136 S.Ct. at 1862.

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. However, requiring that Defendant first exhaust his administrative remedies not only upholds Congressional intent, but also protects "administrative agency authority" and "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Bureau of Prisons is taking the COVID-19 outbreak seriously. (Doc. 63, PageID: 2413).

- 5 -

Allowing the BOP to exercise its authority and expertise in this instance is even more important. *See generally*, *Raia*, 954 F.3d 594.

Finally, as Defendant himself admits, a calculation of "an 'out date,' a 'good time' computation, or information regarding a possible transfer to a halfway house" are not mandatory. (Doc. 157, 1673).  Defendant has not cited any authority that allows the Court to order such relief.  Furthermore, Judge Adams in the Tax Matter has already denied Defendant this information.  The Court will likewise deny Defendant's request.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's request to calculate his "out date" (Doc. 157); and **DENIES WITHOUT PREJUDICE** Defendant's request for release to home confinement (Doc. 158).  The Court may consider the merits of Defendant's Motion after he properly exhausts his administrative remedies.  Since no outstanding issues remain, the Court **DENIES** Defendant's request for a Telephone Conference.  (Doc. 160).

**IT IS SO ORDERED.**

          s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**

**Dated: May 1, 2020**